People v Schlueter (2024 NY Slip Op 50975(U))

[*1]

People v Schlueter

2024 NY Slip Op 50975(U)

Decided on July 8, 2024

District Court Of Suffolk County, First District

Sachs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 8, 2024
District Court of Suffolk County, First District

People of the State of New York

against
Michael Freeman Schlueter, Defendant

Docket No. CR-033390-23SU

Raymond A. Tierney, Esq.
District Attorney of Suffolk County
Giovanna DiFilippo / Of Counsel
District Court Bureau
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7965
Michael P. Bassett, Jr., Esq.
Attorney for Defendant
Law Offices of Michael P. Bassett, Jr.
490 Wheeler Rd., Ste 270
Hauppauge, NY 11788
(631) 742-3664

Eric Sachs, J.

Upon the following papers read on this motion for omnibus relief:
Notice of Motion/xxxxxxxxxxxxxxx and supporting papers X;
Notice of Cross Motion and supporting papers;
Answering Affidavits and supporting papers X;
Replying Affidavits and supporting papers; Filed papers; Other
Exhibits X; Certificate(s) of Compliance X;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this omnibus motion by the defendant is decided as follows: The defendant's motion to strike the People's CoC and/or SoR is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 and § 170.20 on the grounds that his statutory speedy trial rights were violated is GRANTED. The defendant's remaining arguments are DENIED, as moot.
On November 2, 2023, the defendant was arrested and charged with one count of [*2]Operation of a Motor Vehicle While Impaired By Drugs in the First Degree in violation of New York State Vehicle and Traffic Law ("VTL") § 1192.4, an unclassified misdemeanor. He was arraigned on November 3, 2023. On February 9, 2024, the People charged defendant with an additional charge: one count of Operation of a Motor Vehicle While Impaired By the Combined Use of Drugs or Alcohol in violation of VTL § 1192.4-a.
By motion dated April 8, 2024, the defendant now moves (1) to strike the People's CoC and/or SoR and (2) to dismiss the accusatory instrument pursuant to CPL § 30.30 and § 170.20 on the grounds that his statutory speedy trial rights were violated; (3) to suppress, pursuant to CPL §§ 710.20(3) and 710.60, statements made by the defendant to a public servant which were obtained in violation of the defendant's constitutional rights, or for a Huntley hearing; (4) for discovery pursuant to Brady v Maryland, People v Rosario, People v Sandoval, People v Ventimiglia and for discovery-related Sandoval and Ventimiglia/Molineux hearings. 
This Court addresses the parties' arguments, below.
A. Motion to Strike the CoC/SoR
CPL article 245 requires the People to serve and file a CoC with the court prior to stating readiness under CPL § 30.30 [see CPL § 245.50[3]]. In order for the People to be ready for trial, the People must: "(1) file a certificate of good faith discovery compliance; (2) file a valid statement of readiness; and (3) certify the facial sufficiency of the accusatory instrument." (People v Ramirez-Correa, Docket CR-018674-20QN [Crim Ct, Queens Cnty 2021]).
In this case, the People filed their initial CoC/SoR on February 9, 2024, and filed a Supplemental CoC/SoR on March 6, 2024.
The defendant has moved to strike the People's initial CoC/SoR, filed on February 9, 2024, on the grounds that the People failed to comply with their statutory discovery obligations set forth by CPL § 245.20 prior to certifying. (See Def.'s Aff. at Point I, ¶¶ 26-36; 37-56). Specifically, the defendant contends that the People failed to disclose (1) body camera footage from five of eight existing cameras and (2) all impeachment materials prior to certifying. (Id.)
1. Body-Worn Camera Footage
As noted above, the defendant has moved to strike the People's February 9, 2024 CoC/SoR on the grounds that the People failed to disclose body-worn camera footage from five of eight existing cameras prior to certifying. (See Def.'s Aff. at Point I, ¶¶ 26-36). The defendant's counsel also states that he emailed the People on February 9, 2024 and February 20, 2024 to inquire about "missing" body-worn camera footage. (Id. at ¶¶ 12-15).
In their opposition, the People contend that they made a request of the police department for all body-worn camera footage on November 3, 2023. (See People's Mem. of Law at p. 2 & Exhibit 7) (emphasis added). The People further contend that "[a]ll body[-]worn camera footage received [by the People] was turned over on November 13, 2023[,] as shown by the Compliance [*3]Report, dated November 13, 2023.[FN1]
(Id. at pp. 2-3 & Exhibit 5). The People further contend that the defendant's counsel emailed ADA Heine on February 9, 2024 and February 20, 2024 regarding the body-worn camera; once the defendant's counsel's email reached the assigned ADA on February 21, 2024, she requested and obtained additional body-worn camera footage for a single officer on February 22, 2024, and disclosed it to defendant's counsel the same day. (See People's Aff. at ¶¶ 9-10 & Exhibit 4).
It is undisputed that the body-worn camera footage at issue is subject to the automatic disclosure provisions of CPL article 245. CPL § 245.20(1)(g) requires the People to disclose "[a]ll tapes or other recordings...made or received in connection with the alleged criminal incident...." CPL § 245.20(1)(g).
Moreover, CPL § 240.20(2) requires the People to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL § 240.20(1)]" prior to filing their CoC/SoR. (See CPL § 240.20(2)). The Court of Appeals recently noted that the statute does not define "due diligence," but "reasonableness...is the touchstone." See People v Bay, 41 NY3d 200 [2023].
It is the opinion of this Court that the steps taken by the People to obtain body-worn camera footage were insufficient to meet their statutory obligation of good faith and due diligence in this case in light of People v Bay, 41 NY3d 200 [2023]. While the People requested existing all body-worn camera footage from the police department on November 3, 2023, it is undisputed that they did not actually receive all such evidence, even though the evidence existed and was in the possession of the police department. As a result, the People failed to disclose the body-worn camera footage from the arresting officer prior to certification on February 9, 2024. 
Due diligence requires that the People be proactive ascertaining whether discoverable evidence exists; the act of sending a single email to obtain body-worn camera footage, with no follow-up, is not sufficient to constitute "due diligence." Here, the People requested all body-worn camera footage in this case; they received files in response to their request (emailed response was "3 videos sent over") and then assumed what they received was the complete set of files without any further inquiry. (See People's Aff. at Exhibit 7). Notably, the People did not receive or disclose the body-worn camera footage from one of four officers on the scene, the arresting officer, Officer Lee. In this era in which most patrol officers are equipped with body-worn cameras, it is the opinion of this Court that the People had an obligation to inquire of the police department why there was no body camera footage from the arresting officer, Officer Lee; alternatively, the People could have asked Officer Lee directly (or any officer involved in the case which officers) whether he had body camera footage from the incident. It is this court's opinion that a contrary conclusion would endorse the People's practice of rote request and disclosure without any obligation on the part of the People to peruse, however minimally, the material disclosed.
Finally, this Court notes that, although not a defense raised by the People, the argument that the defendant's motion is untimely (see CPL § 245.50(4) ( c ) and/or failed to comply with the statutory notice requirements that the defendant inform the People of any discovery deficiency "as soon as practicable" (see CPL § 245.50(4)(b)) and to "confer to attempt to reach accommodation as to any dispute concerning discovery" (see CPL § 245.35(1)) also fails. According to the People, they disclosed all body-worn camera footage received on November 13, 2023—almost three months prior to certifying and serving their formal Discovery Disclosures on February 9, 2024. (See People's Mem. of Law at pp. 2-3 & Exhibit 5). However, in their opposition papers, the People failed to provide any evidence of which counsel was served with such discovery, when, and how counsel was served. That the defendant was represented by different counsel at the time of service would not negate counsel's obligation to inform the People of the alleged deficiency "as soon as practicable." The defendant was represented by CAFA on November 3, 2023 (who was relieved the same day), and then by moving counsel on December 11, 2023. Consequently, it is unclear to this Court from the record whether service of the body-worn camera evidence on November 13, 2023 was valid. Moving counsel contends that he did not receive discovery in this case until February 9, 2024, and he informed the People of the alleged discovery deficiency the same day. (See Def.'s Aff. at ¶¶ 11-13). The instant motion was filed approximately 60 days later. Thus, any contention that the defendant's motion is untimely and/or notice was deficient is meritless.
Accordingly, the defendant's motion to strike the People's CoC/SoR dated February 9, 2024 CoC/SoR, for failure to disclose all body-worn camera footage prior to certifying is GRANTED.
B. Motion to Dismiss Based on an Alleged Speedy Trial Violation
The defendant next moves to dismiss on the grounds that the People have violated his statutory speedy trial rights. (See Def.'s Aff. at Point II, ¶¶ 57-86). 
CPL § 30.30(1)(b) provides, in pertinent part, that a motion to dismiss an accusatory instrument must be granted where the People are not ready for trial within: "ninety days from the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." In general, the filing of the accusatory instrument marks the 'commencement' of the case pursuant to CPL § 30.30, unless a statutory exception applies. (See CPL § 30.30(1)(b) and CPL § 1.20[17]). Where the defendant's appearance was obtained by desk appearance ticket, the criminal action is deemed commenced at arraignment. (See CPL § 30.30(7)(b)).
Pursuant to CPL § 30.30(1)(b), with respect to the misdemeanor charge at issue in this case, the People were required to make an effective statement of their readiness for trial within 90 days of the commencement date of the within criminal action, taking into account all excludable time periods. The within criminal action was commenced on November 2, 2023.[FN2]
 [*4]The People filed their initial CoC/SoR on February 9, 2024. The People filed a Supplemental CoC/SoR on March 6, 2024.
The defendant contends that the following time is chargeable to the People: November 3, 2023 through December 11, 2023 (38 days); December 11, 2023 until January 8, 2024 (28 days); January 8, 2024 until January 17, 2024 (9 days); January 17, 2024 until February 9, 2024 (23 days); February 9, 2024 until February 28, 2024 (19 days); and February 28, 2024 until the date the People filed their Supplemental CoC/SoR on March 6, 2024 (8 days). In sum, the defendant contends that all time from commencement on November 3, 2023 until the filing of the People's Supplemental CoC/SoR on March 6, 2024, or a total of one-hundred and twenty-five (125) days, is chargeable to the People. (See Def.'s Aff. at ¶¶ 74-80).
The People concede that the time November 21, 2023 through December 11, 2023 (20 days); December 11, 2023 until January 8, 2024 (28 days); January 8, 2024 until January 17, 2024 (9 days); January 17, 2024 until the filing of the People's initial CoC/SoR on February 9, 2024 (23 days) is chargeable to them, but otherwise contend that the time is excludable. (See People's Mem. of Law at Point II.A, pp. 9-10; People's Aff. at ¶¶ 3-12).
This Court addresses the disputed time periods, below.
1. November 3, 2023 through December 11, 2023 (38 days)
The defendant first contends that the time from November 3, 2023 through December 11, 2023 (38 days) is chargeable to the People. (See Def.'s Aff. at ¶ 74).
The People contend that the time from November 3, 2023 until November 21, 2023 is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(f) because the defendant was represented at his arraignment by Counsel at First Appearance (CAFA) counsel, who was relieved at the conclusion of the arraignment. (See People's Aff. at ¶ 7).
CPL § 30.30(4) expressly lists the periods of time that must be excluded from the speedy trial calculation, among which are "the period during which the defendant is without counsel through no fault of the court." CPL § 30.30(4)(f). 
To the extent the defendant was without counsel from the time from November 3, 2023 until November 21, 2023 (18 days), such time is excludable. To the extent defendant's counsel entered a notice of appearance on November 21, 2023, the time from November 21, 2023 until December 11, 2023 (20 days) is chargeable to the People. 
2. December 11, 2023 until January 8, 2024 (28 days)
In their opposition papers, the People concede that the time from December 11, 2023 until January 8, 2024 (28 days) is chargeable to them.
Accordingly, this Court concludes that the time from December 11, 2023 until January 8, 2024 (28 days) is chargeable to the People.
3. January 8, 2024 until January 17, 2024 (9 days)
In their opposition papers, the People concede that the time from January 8, 2024 until January 17, 2024 (9 days) is chargeable to them.
Accordingly, this Court concludes that the time from January 8, 2024 until January 17, 2024 (9 days) is chargeable to the People.
4. January 17, 2024 until February 9, 2024 (23 days)
In their opposition papers, the People concede that the time from January 17, 2024 until February 9, 2024 (23 days) is chargeable to them.
Accordingly, this Court concludes that the time from January 17, 2024 until February 9, 2024 (23 days) is chargeable to the People.
5. February 9, 2024 until February 28, 2024 (19 days)
Next, the defendant contends that the time from February 9, 2024 until February 28, 2024 (19 days) is chargeable to the People. (See Def.'s Aff. at ¶ 78).
In their opposition papers, the People argue that their initial CoC/SoR, dated February 9, 2024, is valid, and served to stop the running of the speedy trial clock.
As discussed herein, this Court has concluded that the People's initial CoC/SoR, dated February 9, 2024, is invalid and failed to stop the running of the speedy trial clock.
Accordingly, this Court concludes that the time from February 9, 2024 until February 28, 2024 (19 days) is chargeable to the People.
6. February 28, 2024 until March 6, 2024 (8 days)
Finally, the defendant contends that the time from February 28, 2024 until March 6, 2024 (8 days) is chargeable to the People. (See Def.'s Aff. at ¶ 79).
In their opposition papers, the People rely on the validity of their initial CoC/SoR, dated February 9, 2024, to have stopped the running of the speedy trial clock on February 9, 2024. As discussed above, this Court has concluded that the People's initial CoC/SoR, dated February 9, 2024, is invalid.
Accordingly, this Court concludes that the time from February 28, 2024 until March 6, 2024 (8 days) is chargeable to the People.
Based on the foregoing, this Court concludes that there are a maximum of one-hundred and seven (107) days [from November 21, 2023 until December 11, 2023 (20 days); from December 11, 2023 until January 8, 2024 (28 days); from January 8, 2024 until January 17, 2024 (9 days); from January 17, 2024 until February 9, 2024 (23 days); from February 9, 2024 until February 28, 2024 (19 days); and from February 28, 2024 until March 6, 2024 (8 days)] elapsed on the speedy trial clock.
Thus, the defendant's motion to dismiss based upon a speedy trial violation is [*5]GRANTED.
The defendant's remaining arguments are DENIED, as moot.
By reason of the foregoing, the defendant's motion to strike the People's CoC and/or SoR is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 and § 170.20 on the grounds that his statutory speedy trial rights were violated is GRANTED. The defendant's remaining arguments are DENIED, as moot.
This shall constitute the decision and Order of the Court.
Dated: July 8, 2024
HON. ERIC SACHS, J.D.C.

Footnotes

Footnote 1:According to the Court File, the defendant was represented by Counsel at First Appearance ("CAFA") counsel at arraignment on November 3, 2023. The defendant was represented by current counsel (moving counsel herein) as of December 11, 2023. The defendant's current counsel asserts that he did not receive the discovery in this case until February 9, 2024. (See Def.'s Aff. at ¶ 12). 

Footnote 2:Courts have held that, for speedy trial purposes, the speedy trial time begins to run on the day following the commencement of the criminal action. See People v Stiles, 70 NY2d 765, 520 NYS2d 745 [1987]. In this case, the speedy trial clock would start to run on November 3, 2023.